**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1116-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANDRELL CHILDS,

      Defendant-Appellant.

_____

Submitted March 7, 2022 – Decided March 15, 2022

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-12-1518.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andrell Childs appeals the trial court's denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

In December 2015, a Middlesex County Grand Jury issued a fifty-seven count Indictment against defendant charging him with a variety of offenses, the most serious of which was first-degree attempted murder. Pursuant to a negotiated plea agreement, defendant pled guilty in Middlesex County to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and two counts of third-degree burglary, N.J.S.A. 2C:18-2(a)(1). Under the agreement, the State recommended a ten-year custodial term, subject to a No Early Release Act ("NERA") parole disqualifier, N.J.S.A. 2C:43-7.2, on the aggravated assault charge plus concurrent five-year sentences on each of the burglary charges. The remaining counts were dismissed.

At the October 16, 2017 proceeding when defendant entered his guilty plea, he asked the court to sentence him the same day. As he explained, defendant made that request so he would not be temporarily transferred to a county jail and leave the State prison where he had been serving an unrelated sentence. The court inquired of defendant to make sure he truly wanted to do

this and waive the creation of a new presentence report ("PSR"). Defendant assured the court under oath that is what he wanted.

Accordingly, the court proceeded to sentence defendant, referring to a recent PSR that had been prepared seven months earlier in connection with a separate indictment in Somerset County. Defendant's mother addressed the court and described his mental health challenges, which defense counsel further punctuated in arguing for leniency. Following those presentations, the judge imposed a ten-year NERA sentence consistent with the plea agreement.

Defendant appealed his sentence as excessive, which was argued on the Sentencing Oral Argument ("SOA") calendar. On April 11, 2018, the SOA panel issued an order affirming the sentence. The Supreme Court denied certification. 235 N.J. 196 (2018).

In his PCR petition, defendant argued his plea counsel and counsel on direct appeal were constitutionally ineffective by failing to insist on the issuance of an updated PSR, which he contends would have documented for the Middlesex sentencing judge his serious mental health issues. He alleged in a written certification that his lawyer told him it would be better if he was sentenced the same day, and he only agreed because he "thought that was what [his lawyer] wanted."

A-1116-20

Relatedly, defendant contends his counsel was ineffective by not pursuing a mental health defense. His arguments were not supported by any affidavits or certifications attesting to the severity of his mental health issues.

In August 2020, the trial court rejected defendant's PCR petition, issuing a seventeen-page written opinion. The opinion quoted key passages from the plea colloquy at which defendant asked to be sentenced the same day and waived his right under N.J.S.A. 2C:44-6 and Rule 3:21-2 to an updated PSR.

In the present appeal, defendant raises the following point in his brief:

> POINT I
>
> AS A PRESENTENCE INVESTIGATION AND REPORT IS STATUTORILY MANDATED BEFORE A DEFENDANT CAN BE SENTENCED, THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

We reject this argument for the sound reasons set forth by Judge Diane Pincus in her written decision. This is a plain instance of a defendant's invited error. State v. Jenkins, 178 N.J. 347, 358 (2004). The sentencing judge did exactly what defendant wanted her to do. Moreover, there is no actual prejudice to defendant because the sentencing judge clearly considered defendant's mental health problems as mitigating factors and weighed them against his long criminal offense history and other aggravating factors. See Strickland v.

4

Washington, 466 U.S. 668, 694-96 (1984) (requiring proof of "sufficient prejudice" to a defendant caused by counsel's deficient performance to find actual ineffective assistance of counsel). Due to the lack of sufficient prejudice here, we "need not determine whether counsel's performance was deficient" in failing to pursue a mental health defense. Id. at 697. In addition, defendant received a very generous negotiated agreement in exchange for his guilty plea, which his attorney ably negotiated.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1116-20